### LOCKWOOD *v.* CLEVELAND and others.

*(Circuit Court, D. New Jersey.* September 25, 1883.)

PATENTS FOR INVENTIONS—INDIA-RUBBER ERASERS—LOCKWOOD AND HOLTON PATENTS, NOS. 167,445 AND 233,511.

> As, upon examination of the evidence of priority in this case, it appears that Rhodes Lockwood was the original and first inventor or discoverer of the improvement in India-rubber erasers, as described in patent No. 167,445, granted to him September 7, 1875, and that Francis Henry Holton was also the original, but not the first, inventor or discoverer of such improvement, and that said Holton was guilty of laches in not filing his application for patent until two years after the invention had been in public use and on sale, patent No. 167,445 is sustained, and the Holton patent, No. 233,511, issued to Orestes Cleveland, as assignee, October 19, 1880, declared void.

On Bill, etc.

*Browne & Witter*, for complainant.

*Bedle, Muirheid & McGee*, for defendants.

NIXON, J. On the twenty-fourth day of June, 1875, Rhodes Lockwood made application for letters patent of the United States for "improvement in India-rubber erasers," and on the seventh of September following letters patent No. 167,445 were duly issued to him. On the ninth of June, 1877, Francis Henry Holton, assignor to Orestes Cleveland, also filed his application for letters patent for the same invention. The commissioner of patents declared an interference, and on November 5, 1878, gave notice to the parties interested, as required by section 4904 of the Revised Statutes, and directed the primary examiner to determine the question of the priority of the invention. Testimony was duly taken, and on December 12, 1879, the examiner adjudged Holton to be the first inventor of the improvement. On an appeal, the board of examiners in chief reversed the decision of the

primary examiner, February 24, 1880, and held that Lockwood was entitled to the honor of the invention. The commissioner of patents, —the last judgment being appealed from,—on May 3, 1880, decided that Holton was the original inventor, but refused to grant the letters applied for, on the ground that the invention had been in public use more than two years prior to his application. An appeal being taken to the supreme court of the District of Columbia, this last decision was reversed. On September 28, 1880, the court held that Holton was entitled to his letters patent. They were accordingly issued to Orestes Cleveland, as his assignee, October 19, 1880, and numbered 233,511. This bill was filed by Lockwood on November 2d following, to have the last-recited letters patent declared void. Cleveland has answered, denying all the material allegations of the bill of complaint, setting up that Holton was the original and first inventor of the improvement claimed in the two patents, and praying that the letters patent issued to Lockwood, September 7, 1875, may be adjudged and declared invalid and void. With the answer, he also filed a cross-bill, asking that the complainant's patent might be held void, and that he might be restrained from bringing an action in any court for an infringement of the same. The cross-bill was subsequently dismissed by the court, upon the ground that section 4918 of the Revised Statutes afforded all the relief in the original suit which the defendant could possibly have in the cross-suit. See *Lockwood* v. *Cleaveland*, 6 FED. REP. 721.

The case has been heard upon bill, answer, and proof, and presents two questions for consideration: (1) Whether Lockwood, or Holton, the assignor of the defendant Cleveland, was the prior inventor of the improvement claimed in the letters patent; and (2) whether there was such prior use of the invention as to render the patent of the first inventor void.

An examination of the specifications and claims of the two patents shows that they are for the same invention, to-wit, a rubber eraser, as a new article of manufacture, having soft-finished erasive surfaces. The objection to the rubber ordinarily in use before the spring of 1875, for erasive purposes, was that the outer surface was covered with a glaze, produced in the process of vulcanization, and which hindered the rubber from taking hold of and removing pencil marks from paper without smirching the latter. In order to prepare the rubber for immediate use as an eraser, this glaze or crust was frequently got rid of by paring off the surface of the rubber with a knife or other sharp instrument.

The complainant says that some time before 1870 he learned that the surface of vulcanized rubber became soft and velvety by long-continued drumming, and it at once occurred to him that this was the proper mode of preparing it for erasive purposes. But although he made many experiments, chiefly in the mixture of different ingredients with varying proportions to discover the best combination for

erasive rubber, not much was accomplished by him before the spring of 1875, when he began to prepare for the market and to take orders for the manufacture of rubber erasers, the edges and surfaces of which had a soft, velvet finish, from two or three days' tumbling in a drum. He had been dissatisfied with his previous experiments, but was now so well pleased with his compounds that he filed his application for letters patent June 24, 1875, and obtained them on September 7th following.

Holton, on the other hand, claims that in March, 1872, he accidently stumbled upon the discovery that protracted tumbling of vulcanized rubber would remove the crust from the surface and prepare the rubber for use in erasing pencil marks. He states that in preparing rubber for the Eagle Pencil Company he put some samples in the drum to be finished, and, forgetting them, they remained there and underwent the tumbling process all day. When he took the pieces from the drum in the evening he discovered that not only the corners were worn off, but that the glaze had been taken from the surface, which glaze of crust had always been considered an objection to new rubber. He tried them in removing pencil marks from paper, and found that they took hold of the paper at once, and removed the marks without blackening the surface.

After a careful examination of the testimony, I am inclined to regard both Lockwood and Holton as original and independent inventors or discoverers of the fact on which the patents are founded. The former, however, has been more diligent. He followed up his discovery with many experiments respecting the mixture of the compound from which the material was to be obtained, and when he reached satisfactory results, promptly secured his patent. Holton, indeed, experimented, and gave the products of said experiments to his friends for trial and approval; but he made no application for a patent until June, 1877,—a long time after the complainant had obtained his patent, and had established the value of the patented article by creating a demand for it in the public market.

I must hold, in this case, that Lockwood was the original and first inventor or discoverer of the improvement in India-rubber erasers, and that Holton was also the original, but not the first, inventor or discoverer; and that, even if he was, he has lost the right to claim the benefits thereof by laches in filing his application for the patent more than two years after the invention had been in public use or on sale in the country.

Let a decree be entered adjudging and declaring the letters patent No. 233,511, issued to Francis H. Holton, void, and restraining the defendant, and all claiming any interest in said letters patent under him, from instituting or prosecuting any suit at law or in equity for any alleged infringement of said patent, with costs to the complainant.